Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Jorge Hernandez*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OPORTUN, INC.,<br><br>　　　　Defendant. | Case No.: 2:20-cv-03585-FMO-RAO<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. TCPA, 47 U.S.C. § 227 *et seq.*;<br>　2. Cal Civ. Code § 1788 *et seq.*;<br>　3. Intrusion Upon Seclusion<br><br>(Unlawful Debt Collection Practices) |

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jorge Hernandez ("Plaintiff" or "Mr. Hernandez"), through his attorneys, alleges the following against Defendant Oportun, Inc. ("Defendant" or "Oportun"):

//

//

# INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

# JURISDICTION AND VENUE

4. Plaintiff resides in Norwalk, Los Angeles County, California.

5. General personal jurisdiction is established because Defendant has purposefully availed itself of the privilege of conducting activities in California. Defendant offers personal loans in twelve states, including California. Defendant's website states that its California Loans are made pursuant to a California Financing Law License.[1] Further, to receive an auto loan from Defendant, a consumer must reside in California.

6. In addition, Defendant's principal place of business is located at 2 Circle Star Way, San Carlos, California 94070.

7. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. Supplemental jurisdiction of the court arises under 28 U.S.C. § 1367 because the claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the Central District of California.

10. Plaintiff resides in Norwalk, Los Angeles County, California. Defendant sent the collection letters at issue to his home in Los Angeles County.

---

[1] https://oportun.com/licenses/

11. Moreover, Plaintiff received the telephone calls at issue while he was located in Los Angeles County, California.

## PARTIES

12. Plaintiff is a natural person residing in Norwalk, Los Angeles County, California.

13. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

14. Plaintiff is a debtor as defined by Cal. Civ. Code § 1788.2(h).

15. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

16. Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. § 1788.2(f).

17. Defendant is a financial institution engaged in the business of giving credit and the collection of debt. Defendant's principal place of business is located in San Carlos, California.

18. Defendant can be served through its registered agent, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### A. Debt Collection Calls

20. Defendant is attempting to collect an alleged debt from Mr. Hernandez.

21. In or around March 2019, Defendant began placing calls to Mr. Hernandez's cellular phone, in an attempt to collect the alleged debt.

22. The calls mainly originated from (310) 667-2495, (562) 277-4366, (213) 300-1059, (866) 709-6355, (562) 397-0378, (323) 428-9093, (213) 784-3391 and (525) 248-9093. Upon information and belief, these numbers are owned or operated by Defendant.

23. On or about May 6, 2019, Mr. Hernandez received a call on his cell phone from Defendant. Mr. Hernandez answered the call and heard a short pause before the representative began to speak. The representative indicated that Defendant was attempting to collect a debt.

24. During this conversation, Mr. Hernandez, explained that he was struggling financially and he did not have any money to make a payment at the time. Mr. Hernandez further instructed Defendant to stop calling him on his cellular phone and to communicate with him only by mail.

25. Despite this conversation, Defendant continued to place automated debt collection calls to Mr. Hernandez with the intent to annoy, harass or abuse him and to induce him to make a payment.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
- 5 -

26. Between March 1, 2019 and July 21, 2019, Defendant called Mr. Hernandez no less than two hundred and fifty (250) times.

27. Between May 6, 2019 and July 21, 2019, Defendant called Mr. Hernandez no-less than seventy-five (75) times, after Mr. Hernandez had instructed Defendant stop calling him on his cellular phone and to only communicate with him by mail.

28. Defendant called Mr. Hernandez almost every day for five months, including on the weekends.

29. On several occasions, Mr. Hernandez received multiple calls in a single day, and Defendant would even call him multiple times in a single day using different numbers.

30. Mr. Hernandez received the majority of the calls while he was located within Los Angeles County, CA.

31. Upon information and belief, Defendant called third parties in an attempt to reach Mr. Hernandez.

32. The conduct was not only willful but was done with the intention of causing Mr. Hernandez such distress, so as to induce him to pay the debt.

33. Further, Defendant's conduct was done with such frequency so as to harass Mr. Hernandez.

34. Defendant's actions caused Mr. Hernandez additional emotional distress and mental pain and anguish in addition to the stress he has endured from his financial hardship.

35. Defendant blatantly disregarded Mr. Hernandez's request for the phone calls to cease and violated his privacy by bombarding his with automated debt collection calls.

### B. Debt Collection Letters

36. On or about April 16, 2019, Defendant sent Mr. Hernandez a collection letter threatening legal action if Mr. Hernandez did not make a payment by May 17, 2019. The letter was received at Mr. Hernandez's residence in Los Angeles County, California.

37. Further, the April 16, 2019, included a filled-out copy of "Plaintiff's Claim and ORDER to Go to Small Claims Court" (a small claims court complaint).

38. The small claims court complaint was intended to scare and/or induce Mr. Hernandez into making a payment.

39. On or about April 30, 2019, Defendant sent another collection letter threatening legal action unless Mr. Hernandez made a payment no later than May 17, 2019.

40. The April 30, 2019 collection letter stated that if Mr. Hernandez did not make a payment in the amount stated, Defendant would file a lawsuit against him as early as May 20, 2019.

41. The April 30, 2019, also included a copy of "Plaintiff's Claim and ORDER to Go to Small Claims Court" (a small claims court complaint).

42. The small claims court complaint was intended to scare and/or induce Mr. Hernandez into making a payment.

43. Defendant sent the collection letters referenced above without the intention of filing suit.

44. Defendant sent the collection letters referenced above without the intention of taking any legal action against Mr. Hernandez.

45. There has been no legal action initiated against Mr. Hernandez by Defendant as of the date of this Complaint.

46. Defendant's conduct was malicious and/or oppressive and intended to cause Mr. Hernandez such distress so as to induce him to make a payment.

47. As a result of Defendant's conduct, Mr. Hernandez has sustained actual damages including but not limited to, stress, headaches, sleepless nights, anxiety, fear and emotional and mental pain and anguish.

//

//

# COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

> a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.
>
> b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

50. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   c. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   d. Defendant violated Cal. Civ. Code § 1788.11(d) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances;

e. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

  i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

  ii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

  iii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(2) by falsely representing the (A) character, amount, or legal status of any debt;

  iv. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken;

  v. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(10) by using false representation or deceptive

means to collect or attempt to collect any debt or obtain information concerning a consumer;

    vi. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

53. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### (Intrusion Upon Seclusion)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

57. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite multiple requests for Defendant to contact Plaintiff in writing only and to stop calling.

b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests to stop calling and to contact him through the mail constitute an intrusion on Plaintiff's privacy and solitude.

c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received several calls a day that often-interrupted his daily schedule.

d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

58. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jorge Hernandez, respectfully requests judgment be entered against Defendant, Oportun, Inc., for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Declaratory judgment that Defendant violated the RFDCPA;

C. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

D. Actual damages pursuant to Cal. Civ. Code §1788.30(a);

E. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

//

//

//

|   |   |   |
|---|---|---|
| | | RESPECTFULLY SUBMITTED, |
| | Dated: May 8, 2020 | By: */s/ Youssef H. Hammoud* |
| | | Youssef H. Hammoud (SBN: 321934) |
| | | **PRICE LAW GROUP, APC** |
| | | 6345 Balboa Blvd., Suite 247 |
| | | Encino, CA 91316 |
| | | T: (818) 600-5596 |
| | | F: (818) 600-5496 |
| | | E: youssef@pricelawgroup.com |
| | | *Attorneys for Plaintiff,* |
| | | *Jorge Hernandez* |